IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLA JAZMIN DUQUE, individually, and as Administrator of the Estate of Hector Stanley Duque, deceased; SALVADOR STANLEY DUQUE-MORENO, individually; and MARTHA YOLANDA ANDREATTA DUQUE, individually;<br><br>Plaintiffs,<br><br>vs.<br><br>BROTHERS TRANSPORT LLC, a Kentucky limited liability company; YELENA KOOP, an individual; PEOSTA WAREHOUSING INC., an Iowa corporation; SCOTT PAPER, an individual; OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and JOHN VANCE, an individual;<br><br>Defendants. | 8:24CV294<br><br>ORDER |

This matter comes before the Court *sua sponte* after review of the docket and pleadings.

Plaintiffs, Milla Jazmin Duque ("Milla"), individually and as Administrator of the Estate of Hector Stanley Duque, deceased; Salvador Stanley Duque-Moreno ("Salvador"), individually; and Martha Yolanda Andreatta Duque ("Martha") commenced this action on July 24, 2024. Plaintiffs have asserted causes of action against the above-captioned defendants for wrongful death, negligence, survivorship, and negligent infliction of emotional distress arising out of a series of vehicle collisions that occurred on July 28, 2022, near Grand Island, Nebraska, resulting in the death of Hector Stanley Duque ("Hector"). (Filing No. 1).

The defendants have filed various answers and cross-claims and counterclaims. See Filing Nos. 19, 31, 33, 35, 42-46, 49). However, after review of the pleadings, the Court finds several deficiencies that must be corrected before it can issue a scheduling order and progress this case. See Nebraska Magistrate Judges' Civil Case Management Practices.[1] ("An order will be entered

---

[1] (https://www.ned.uscourts.gov/attorney/judges-information/civil-case-management).

which sets the deadline for filing the parties' Rule 26(f) Report. This order is typically not entered until all named defendants have been served and filed answers, and all Rule 12 motion practice is complete.").

First, Yelena Koop ("Koop") was named as a defendant by Plaintiffs and was purportedly served by certified mail at an address in Nicholasville, Kentucky on August 21, 2024. (Filing No. 15). The USPS tracking information reflects it was "delivered to an individual at the address at 4:19 p.m. on August 21, 2024," but does not identify the individual or contain that individual's signature. (Filing No. 15 at p. 2). Both Nebraska and Kentucky[2] state law allow for service by certified mail. See Neb. Rev. Stat. § 25-505.01; Ky. R. Civ. P. 4.01. However, both Nebraska and Kentucky require the plaintiff to provide a *signed* return receipt. See Neb. Rev. Stat. § 25-505.01 (requiring a plaintiff serving process by certified mail to "fil[e] with the court proof of service with the signed receipt attached."); *Cox v. Vieyra*, No. 3:20-CV-178-DJH, 2022 WL 880049, at *2 (W.D. Ky. Feb. 17, 2022) ("Kentucky courts have construed Rule 4.01 to require that service by certified mail must be signed by the defendant."); see also *Bowden v. Brinly-Hardy Co., Inc.*, 2020 WL 9607026, at *2 (W.D. Ky. Oct. 26, 2020) (finding the plaintiff's proof of service consisting of "an unsigned return receipt" showing a delivery by certified mail "and a USPS Tracking record" that stated the package was delivered to an unidentified individual was insufficient under Kentucky law).

Here, Plaintiffs have not provided the Court with sufficient proof of service on Defendant Koop under Nebraska or Kentucky law as outlined above, and Defendant Koop has not filed an answer or otherwise appeared in this litigation. More than 90-days have elapsed since Plaintiffs filed their complaint. Nevertheless, on the Court's own motion, it will extend the deadline for Plaintiffs to properly serve Defendant Koop to January 17, 2025. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Next, Defendants Old Dominion Freight Line, Inc. ("ODFL"), and John Vance ("Vance") filed a cross-claim against Defendant Koop on October 14, 204. (Filing No. 33). Defendant Koop

---

[2] Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, service upon an individual may be perfected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

2

has not filed a responsive pleading to that cross-claim. See Fed. R. Civ. P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."). However, the Court has no evidence that Defendant Koop was served with notice of the cross-claim. In reviewing ODFL and Vance's Certificate of Service attached to their cross-claim, counsel certified that "that on October 14, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: . . . Rene Charles Lapierre lapierre@klasslaw.com Attorney for Brothers Transport and Yelena Koop. . . " (Filing No. 33 at pp. 7-8). However, counsel for Brothers Transport *has not* entered an appearance for Defendant Koop, nor provided any indication for the record that Brothers Transport's counsel will represent Defendant Koop. In the answer filed only by Brothers Transport, it "affirmatively avers that Defendant Koop was an independent contractor." (Filing No. 19 at p. 2). Thus, it appears to the Court that ODFL and Vance must provide separate notice of their cross-claim to Defendant Koop because to date notice has only been provided to Brothers Transport's attorney, not to Defendant Koop.

Finally, Defendants ODFL and Vance (Filing No. 33 at p. 5) as well as Defendants Peosta Warehousing Inc. ("Peosta"), and Scott Paper ("Paper") (Filing No. 31 at p. 6) have each asserted a "Counterclaim" against Hector, as an individual. Hector is deceased, and thus is not a proper party in interest. Instead, the parties should have directed their counterclaim against the individual representing Hector's interests, Milla, as Administrator of Hector's Estate, rather than Hector himself.[3] Accordingly,

**IT IS ORDERED:**

1. The deadline for Plaintiffs to serve Defendant Yelena Koop is extended to **January 17, 2025**. See Fed. R. Civ. P. 4(m).

2. The parties shall correct the deficiencies identified by the Court in this Order on or before **January 17, 2025.**

---

[3] Perhaps this confusion is why Milla has only filed a responsive pleading to the counterclaim asserted by Peosta and Paper (Filing No. 49) but has not responded to ODFL and Vance's counterclaim; Hector has unsurprisingly not filed any responsive pleading to the counterclaims asserted against him.

Dated this 18th day of December, 2024.

> BY THE COURT:
>
> s/Michael D. Nelson
> United States Magistrate Judge