## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MILLA JAZMIN DUQUE, individually, and as Administrator of the Estate of Hector Stanley Duque, deceased; et al.;** | **8:24CV294** |
| **Plaintiffs,** | **ORDER** |
| **vs.** | |
| **BROTHERS TRANSPORT LLC, a Kentucky limited liability company; et al.,** | |
| **Defendants.** | |

This matter is before the Court on Plaintiffs' Motion to Further Extend Deadline, or Alternatively, for Conditional Dismissal with Retained Jurisdiction (Filing No. 73). The parties have been undertaking the process of seeking approval of wrongful death settlements in probate court in California. Counsel has timely been filing status reports regarding that process, as ordered by the Court. (Filing Nos. 58-71). The Court most recently extended the dismissal deadline in this case to June 1, 2026. (Filing No. 72).

According to Plaintiffs' current motion, one of the plaintiffs, Martha Yolanda Andreatta Duque, recently passed away shortly before the probate approval of the settlements and before any allocation or distribution hearing. Counsel is in the process of identifying the decedent's statutory successors and investigating the relevant law governing succession. Additionally, the plaintiffs have been unable to agree upon allocation of the aggregate settlement proceeds, and intend to seek the California probate court's assistance to resolve that issue. Under the circumstances, Plaintiffs request that the Court extend by 90-days the deadline to file a stipulation of dismissal. Plaintiffs assert this extension will permit them to request the California probate court resolve the allocation issue, move to substitute the decedent as required under Rule 25(a)(1) of the Federal Rules of Civil Procedure, and to receive payment contractually due from the Old Dominion/Vance settlement.[1] For good cause shown, the Court finds Plaintiffs' request for an extension of the dismissal deadline should be granted. Accordingly,

---

[1] In the alternative, Plaintiffs request that the Court enter a conditional order of dismissal under Fed. R. Civ. P. 41(a)(2) and *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), expressly retaining jurisdiction for one hundred eighty (180) days. Because the Court is granting Plaintiffs' primary requested relief, the Court declines to grant Plaintiffs' request for alternative relief.

**IT IS ORDERED:**

1. Plaintiffs' Motion to Further Extend Deadline, or Alternatively, for Conditional Dismissal with Retained Jurisdiction (Filing No. 73) is granted.

2. The **June 1, 2026**, deadline for the parties to file a copy of the probate order approving settlement in this court together with a joint stipulation of dismissal that will fully dispose of the claims in this case is suspended at this time. The Clerk of Court shall terminate the June 1, 2026, dismissal deadline.

3. On or before **August 31, 2026,** Plaintiffs shall:

   a. File a motion pursuant to Fed. R. Civ. P. 25(a)(1) to substitute the deceased plaintiff, Martha Yolanda Andreatta Duque; and

   b. File a status report regarding the matters germane to further proceedings in this Court as outlined in Plaintiffs' Motion (Filing No. 73).

4. The Clerk of Court shall set a Case Management Deadline for August 31, 2026: check for motion to substitute and status report.

Dated this 2nd day of June, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge