IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLA JAZMIN DUQUE, individually, and as Administrator of the Estate of Hector Stanley Duque, deceased; SALVADOR STANLEY DUQUE-MORENO, individually; and MARTHA YOLANDA ANDREATTA DUQUE, (deceased),<br><br>Plaintiffs,<br><br>vs.<br><br>BROTHERS TRANSPORT LLC, a Kentucky limited liability company; YELENA KOOP, an individual; PEOSTA WAREHOUSING INC., an Iowa corporation; SCOTT PAPER, an individual; OLD DOMINION FREIGHT LINE, INC., a Virginia corporation; and JOHN VANCE, an individual,<br><br>Defendants. | **8:24CV294**<br><br>**ORDER** |

This matter is before the Court on the parties' Joint Motion to Dismiss the Fully Settled Action with Prejudice (Filing No. 75) and modify the June 2, 2026, Order (Filing No. 74). All appearing parties join in the Motion, and no party opposes it. The record establishes that all three settlement agreements were executed by every Plaintiff, including Martha Yolanda Andreatta Duque before her death on March 2, 2026, and were approved by the Superior Court of California, County of San Bernardino, as contemplated by Neb. Rev. Stat. § 30-810 and this Court's prior orders. The entire settlement corpus has been paid and is held in Plaintiffs' counsel's trust account, and no Defendant owes any further payment or performance. Every appearing party expressly consents to dismissal of every claim it asserted or that was asserted against it with prejudice, and every identified successor of the deceased Plaintiff has notice of the procedural

disposition requested. No claim against any Defendant remains to be litigated, and good cause exists to dismiss this action without adjudicating any dispute among the interested persons concerning the settlement proceeds.

IT IS ORDERED:

1. The Motion, Filing No. 75, is granted.
2. The requirement in Filing No. 74 that Plaintiffs file a motion under Rule 25(a)(1) by August 31, 2026, is vacated as moot in light of this dismissal. No substitution is required before entry of this dismissal, and the Statement Noting Death (Filing No. 73-1) requires no further action in this case.
3. All claims, counterclaims, and cross-claims of any kind or nature asserted in this action are dismissed with prejudice under Fed. R. Civ. P. 41(a)(2) and (c). Each claimant independently requests dismissal with prejudice of each counterclaim or cross-claim it asserted. Each party shall bear its own attorneys' fees and costs except as otherwise provided in the applicable settlement agreements.
4. This dismissal adjudicates only the claims asserted in this action. It does not adjudicate, and shall have no preclusive effect on, any dispute among the interested persons concerning the characterization, entitlement, allocation, or distribution of the settlement proceeds, including whether Martha Yolanda Andreatta Duque possessed any contingent or surviving interest in those proceeds. Those matters are reserved for agreement among the interested persons or determination by a court of competent jurisdiction.

5. The Court does not retain jurisdiction to enforce the settlements or to resolve any dispute among the interested persons concerning the settlement proceeds. All pending deadlines are terminated, and the Clerk shall close the case.

Dated this 1st day of September, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge